**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2010

No. 08-51154
USDC No. 6:05-CR-52-ALL

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLIFTON DEWARREN RIVERS, also known as Clifton Rivers,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Clifton DeWarren Rivers, federal prisoner # 36491-180, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the sentence he received following his guilty-plea conviction for possession with intent to distribute more than 50 grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841 and 860.  Rivers moves for permission to appeal in forma pauperis (IFP).  The district court has certified that the appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rivers asserts that the district court erroneously denied his § 3582(c)(2) motion based on the fact that he had already received a three-level reduction for acceptance of responsibility. His assertion is factually incorrect. The district court's denial was based not on Rivers's acceptance of responsibility but on its determination that Rivers's already-reduced sentence, resulting from the government's Federal Rule of Appellate Procedure 35 motion, fell within the amended guidelines range resulting from the retroactive crack cocaine amendments and that no further reduction was warranted. Rivers has abandoned any challenge to that determination by failing to brief it. *See United States v. Reyes,* 300 F.3d 555, 558 n.2 (5th Cir. 2002); FED. R. APP. P. 28(a)(9).

Rivers additionally contends that *Booker v. United States,* 543 U.S. 220 (2005), and *Kimbrough v. United States,* 552 U.S. 85 (2007), should apply in § 3582(c)(2) proceedings, allowing district courts to impose sentences lower than the two-level adjustment contemplated by the retroactive crack cocaine amendments. He urges that the initial determinations regarding both the amount of crack cocaine attributable to him and his criminal history score were erroneous, and he also contends that his sentence is unreasonable and that he is entitled to resentencing with full consideration of the 18 U.S.C. § 3553(a) factors. Because the Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) and because a § 3582(c)(2) proceedings is not an opportunity to challenge the original sentence, these arguments are without merit. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009); *see also United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010); *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995).

Rivers has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion to proceed IFP is DENIED; and, because his appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.